## UNITED STATES *v.* PERDUE.

*(District Court, W. D. Pennsylvania.* ———, 1880.)

1. INDICTMENT—PERJURY.—A bill in equity was filed to restrain the defendant from infringing letters patent for improved methods of exploding torpedoes in oil wells, to increase the production thereof, etc.; and, to sustain an intended motion for a preliminary injunction against him, the plaintiffs took the testimony of the defendant and other witnesses. From the defendant's plain admissions, in his own testimony, it clearly appeared that the plaintiffs were entitled to a preliminary injunction against him, and he never made any resistance to the granting thereof. In the course of his said examination the defendant was interrogated, and testified as to the *ownership* of certain oil wells he was engaged in operating. His testimony touching the ownership of the wells was alleged to be false, and he was indicted for perjury. *Held*, that the defendant's alleged false statements in respect to the ownership of the wells did not tend to prevent the granting of a preliminary injunction, or defeat the due administration of justice, and were immaterial.

Indictment for Perjury.

The defendant was indicted for alleged perjury in his examination before a United States commissioner, taken to be read at the hearing of a motion for a preliminary injunction against him as defendant in an equity suit in the United States circuit

court for the western district of Pennsylvania. , In that suit Roberts and wife filed a bill to restrain him from infringing letters patent for improved methods of exploding torpedoes in oil wells to increase the production thereof, and for damages for such infringement. In the course of his said examination the defendant was asked as to the ownership of the oil wells on the Smith farm, and he testified: "I do not own any wells on the Smith farm. * * * I own an interest in one well on said Smith farm. The name of the well is No. 5. J. M. Perdue, William Faas, and, I think, F. A. Perdue, * * * I think own the wells No. 1 and No. 4, Smith farm." This testimony was alleged to be false, and was the perjury assigned; the indictment averring that upon the hearing of the motion for a preliminary injunction it became and was a material question whether the defendant owned any oil wells on the Smith farm. The bill in equity did not concern the ownership of the oil wells on the Smith farm, nor were they or the farm itself named in the bill. Other witnesses, however, had given evidence before the said commissioner—to be used at the hearing of the motion for a preliminary injunction—to the effect that the defendant had been and was engaged in operating the above-mentioned oil wells on the Smith farm, and that torpedoes in infringement of the Roberts patents had been exploded therein. None of these statements were denied by the defendant in his said examination, and he expressly admitted that these wells were under his control and charge. At the trial of the defendant on October 27, 1880, the government offered his aforesaid examination, with evidence of its falsity in this, viz.: that the defendant, at the time of his examination, owned one-half of well No. 1 in his own right, and one-half as trustee of M. A. Long; that he owned three-eighths of well No. 4; that he owned well No. 5 entirely, and three-eighths of well No. 6. The defendant's counsel objected to the evidence on the ground that the ownership of the oil wells was an immaterial matter.

*Wm. A. Stone*, U. S. Dist. Att'y, and *S. F. Bowser*, for the United States.

*R. B. Carnahan* and *John M. Thompson*, for defendant.

ACHESON, D. J. The examination of John T. Perdue, the defendant, before United States Commissioner George H. Bemus, on May 22, 1876, did not relate to any question of damages for his infringement of the Roberts patents. That examination was at the instance of the plaintiffs in the equity suit, and was to be used by them to support an intended motion for a preliminary injunction to restrain the defendant from any further infringement of the patents pending the suit. *Prima facie*, the ownership of the oil wells on the Smith farm was an immaterial matter. It is, therefore, for the government to show affirmatively its materiality in order to sustain this indictment. It appears that S. W. Doutt, Anthony Kelly, and M. R. Thomas had been examined before Commissioner Bemus, and their testimony tended to show that the defendant had been and was operating wells Nos. 1, 4, and 5, on the Smith farm; that they were employes under him, Kelly, during defendant's absence, being his superintendent; and their testimony also tended to show that in the operation of these wells torpedoes had been exploded in infringement of the Roberts patents. In his examination before the commissioner the defendant did not deny any of these statements of the other named witnesses, and he distinctly admitted that he had an interest in well No. 5, and had charge and control of all said wells. Under the plain admissions of the defendant, in his examination, the plaintiffs in the equity suit were clearly entitled to a preliminary injunction against him, and it does not appear that he ever resisted the granting of such injunction. On the contrary, he permitted a decree *pro confesso* to go against him for want of an answer to the bill. His statements in regard to the ownership of the wells did not tend to defeat the granting of a preliminary injunction, and hence did not tend to prevent the due administration of justice. I hold, therefore, that his alleged false statements in respect to the ownership of the wells were immaterial, and the evidence now offered is rejected.